**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 02-51027**

---

**In the Matter of: JOSE H. GARCIA, JR.**

**Debtor.**

---

**LOIS W. BREMNER,**

**Appellant,**

**versus**

**JOSE H. GARCIA, JR.**

**Appellee.**

---

**Appeal from the United States District Court**
**for the Western District of Texas**
**(SA-02-CV-506)**

---

March 20, 2003

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Lois Bremner appeals, *pro se*, the district court's affirmance of the bankruptcy court's ruling a debt under a construction contract between Garcia and Bremner is *not* nondischargeable under 11 U.S.C. § 523(a)(2)(A) (debt nondischargeable if obtained through false pretenses, false representation, or actual fraud).

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bremner contends the bankruptcy court erred in finding there was a single contract for laying a gravel pad and foundation, and in concluding the debt was not obtained by false pretense, false representation, or actual fraud. The bankruptcy court's factual findings are reviewed for clear error; mixed questions of law and fact, *de novo*. *E.g., **In re Mercer***, 246 F.3d 391, 402 (5th Cir. 2001) (en banc); FED. R. BANKR. P. 8013.

Section 523(a)(2)(A) contemplates fraud or misrepresentation involving moral turpitude. ***RecoverEdge L.P. v. Pentecost***, 44 F.3d 1284, 1292 & 193 n.16 (5th Cir. 1995). False pretenses or representations require showing: (1) knowing or fraudulent falsehoods; (2) that describe past or current facts; (3) which were relied upon by the other party. ***Id.*** at 1293. Actual fraud requires: (1) debtor made representations; (2) when made, debtor knew they were false; (3) representations made with intent to deceive; (4) creditor relied on such representations; and (5) creditor sustained losses as a proximate result. ***Id.*** at 1293. Of course, the creditor has the burden of proof. *E.g., **Matter of Hudson***, 107 F.3d 355, 365 (5th Cir. 1997).

The bankruptcy court: (1) did not clearly err in determining that the construction agreement was a single contract, not two,

separate ones; and (2) did not err in concluding that, although Garcia breached the contract, he did not make false representations or commit actual fraud.

*AFFIRMED*